UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEARL DICKERSON,

    Plaintiff,

CASE NO.:

-vs-

BUDDY'S HOME FURNISHINGS,

    Defendant.

_____/

## COMPLAINT

1. Plaintiff alleges BUDDY'S HOME FURNISHINGS "robo-called" her more than one hundred and fifty (150) times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq*. ("FCCPA").

## INTRODUCTION

2. "Robocalls" are the #1 consumer complaint in America today.

3. The FTC reported over 3.2 million complaints about robocalls in 2014, of which almost half (1,678,433) occurred after the consumer had already requested that the company stop calling. Federal Trade Commission, National Do Not Call Registry Data Book, FY 2014, at 5 (Nov. 2014). Since this report, the number of complaints has increased. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Senate Hearing at 5.

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. The TCPA was enacted to prevent companies like BUDDY'S HOME FURNISHINGS from invading American citizens' privacy and prevent illegal robocalls.

6. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

7. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

8. According to findings by the Federal Communication Commission ("FCC")—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly

and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

9. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

10. The alleged violations described in the Complaint occurred in Brooksville, FL.

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person, and citizen of the State of Florida, residing in Brooksville, FL.

12. Plaintiff is a "consumer" as defined in Florida Statute 559.55(8).

13. Plaintiff is an "alleged debtor."

14. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.,* 746 F. 3d 1242 (11th Cir. 2014).

15. Defendant, is a corporation which was formed in Florida with its principal place of business at 6608 E. Adamo Drive, Tampa, FL 33619 and conducting business in the state of Florida.

16. Defendant is a "debt collector" as defined by Florida Statute §559.55(7).

17. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

18. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such a frequency as can be reasonably expected to harass.

19. Defendant also verbally abused, demeaned and threatened Plaintiff with racist epithets and physical violence during several of these calls. At various times throughout this barrage of calls, Defendant called Plaintiff "a black ass" and told her that they "don't want to see you [Plaintiff] on our premises," and that if they do, "we are gonna [sic] whoop your ass."

20. Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

21. Each call the Defendant made to the Plaintiff was made using an ATDS which has the capacity to store or produce telephone numbers to be called, without human intervention, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

22. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

23. Plaintiff is the regular user and carrier of the cellular telephone numbers at issue, (352) 575-6907.

24. In or about November of 2015, Plaintiff received a telephone call to her aforementioned cellular telephone number from Defendant seeking to recover a debt. Upon receipt of the calls from Defendant, Plaintiff's caller ID identified the calls were being initiated from, but not limited to, the following phone numbers: (866) 779-5058, (352) 397-2555 and (352) 397-2556.

25. Immediately upon receipt of the calls, in or about November of 2015 due to a ceaseless barrage of daily calls, Plaintiff answered a call from Defendant and informed an agent/representative of the Defendant that their incessant calls were harassing her and demanded that Defendant cease placing calls to her aforementioned cellular telephone number.

26. In or about November of 2015, during the aforementioned phone conversation with Defendant's agent/representative, Plaintiff expressly revoked any express consent Defendant may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone numbers by the use of an ATDS or a pre-recorded or artificial voice.

27. Each subsequent call Defendant made to the Plaintiff's aforementioned cellular telephone numbers was done so without the "express permission" of the Plaintiff.

28. Each of Plaintiff's conversations with the Defendant demanding an end to the harassment were ignored.

29. Defendant has recorded at least one conversation with the Plaintiff

30. Defendant has recorded numerous conversations with the Plaintiff.

31. Despite actual knowledge of their wrongdoing, and that they did not have Plaintiff's consent, the Defendant continued its barrage of phone calls to Plaintiff's aforementioned cellular telephone numbers in an attempt to collect a debt.

32. Defendant made at least one call to (352) 575-6907 using an "automatic telephone dialing system" (ATDS).

33. Defendant made at least fifty (50) calls to (352) 575-6907 using an ATDS.

34. Defendant made at least one hundred (100) calls to (352) 575-6907 using an ATDS.

35. Each call the Defendant made to the Plaintiff in the last four years was made using an ATDS.

36. From about September of 2015 through the filing of this Complaint, Defendant placed approximately one hundred and fifty (150) automated calls to Plaintiff's aforementioned cellular telephone (or as will be established after a thorough review of Defendant's records),

despite the Plaintiff revoking any consent Defendant may have had to place calls to her aforementioned cellular telephone number.

37. By effectuating these unlawful phone calls, Defendant has caused the Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

38. Defendant's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in her cellular telephone and cellular telephone line, by intruding upon Plaintiff's seclusion.

39. Defendant's phone calls harmed Plaintiff by wasting her time.

40. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on her cellular telephone, and by using minutes allocated to Plaintiff by her cellular telephone service provider.

41. Defendant's corporate policy and procedures is structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent the Defendant may have had.

42. Defendant's, corporate policy and procedures provided no means for the Plaintiff to have her aforementioned cellular numbers removed from the call list.

43. Defendant has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

44.     In the last three (3) years, the Defendant has had 153 complaints reported to the Better Business Bureau (BBB)1, of which 55 of those complaints are classified as being related to "Billing/Collection Issues."

45.     Plaintiff expressly revoked any consent Defendants may have had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Defendants' placement of the calls.

46.     Defendant violated the TCPA with respect to the Plaintiff.

47.     Defendant willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

48.     Plaintiff incorporates Paragraphs one (1) through forty-seven (47).

49.     Defendant caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

50.     Defendant willfully and knowingly caused placement of non-emergency telephone calls to Plaintiff's cellular telephone using an ATDS or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages and any other such relief the court may deem just and proper.

---

[1] Retrieved from http://www.bbb.org/west-florida/business-reviews/furniture-rent-to-own/buddys-home-furnishings-in-tampa-fl-24204 on 8/17/2016.

## **COUNT II**
### (Violation of the FCCPA)

51. Plaintiff incorporates Paragraphs one (1) through forty-seven (47).

52. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

53. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

54. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

55. Defendant has violated Florida Statute §559.72(9) by attempting to enforce a debt when Defendant knows that the debt is not legitimate or assert the existence of some legal right when Defendant knows that right does not exist.

56. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the court may deem just and proper.

    Respectfully submitted,

    *s/William Peerce Howard*
    William Peerce Howard, Esquire
    Florida Bar No. 0103330
    Billy@TheConsumerProtectionFirm.com
    Amanda J. Allen, Esquire
    Florida Bar No. 98228
    Amanda@TheConsumerProtectionFirm.com

                                                                        The Consumer Protection Firm, PLLC
                                                                        210 A South MacDill Avenue
                                                                         Tampa, FL 33609
                                                                         Tele:  (813) 500-1500
                                                                         Fax:  (813) 435-2369
                                                                         Attorney for Plaintiff